IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CEDRIC ROSE, § | |
| § | |
| Movant, § | |
| § | No. 3:16-cv-02232-M (BT) |
| v. § | No. 3:07-cr-00169-M-1 |
| § | |
| UNITED STATES of AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are (1) Movant Cedric Rose's successive motion and amended successive motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255 (CV ECF Nos. 2, 48) and (2) the Government's motion to dismiss (CV ECF No. 53).[1]  For the following reasons, the Court should GRANT the Government's motion and DISMISS Rose's successive § 2255 motion, as amended.

## Background

Following a one-day bench trial on May 5, 2008, the Court found Rose guilty as charged in the superseding indictment of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CV ECF" refers to this civil action, case number 3:16-cv-02232-M-BT, and "CR ECF" refers to the underlying criminal action, case number 3:07-cr-00169-M-1.

1

(b)(1)(B)(iii) (count one), possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count two), and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1) (counts three and four). At sentencing, the Court determined that Rose qualified for a sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), for counts three and four.[2] At that time, several of Rose's prior convictions qualified as predicate offenses under the ACCA: (1) his conviction for an aggravated sexual assault committed on May 10, 1991 (PSR ¶ 48); (2) his conviction for a burglary of a building committed on January 30, 1985 (PSR ¶ 44); (3) his conviction for an aggravated robbery committed on April 12, 1991 (PSR ¶ 47); (4) his

---

[2] To qualify as an armed career criminal under the ACCA, a defendant must violate § 922(g) and have three previous convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1); *see also United States v. Descamps*, 570 F.3d 254, 267 (2013). ACCA defines a violent felony as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court held the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See Johnson v. United States*, 576 U.S. 591, 606 (2015); *see also United States v. Parker*, 3 F.4th 178, 180 (5th Cir. 2021); *United States v. Alexander*, 808 F. App'x 234, 236 (5th Cir. 2020). The Supreme Court made *Johnson* retroactive in *Welch v. United States*, 578 U.S. 120 (2016). *Borden v. United States*, 141 S. Ct. 1817, 1823 n.2 (2021).

conviction for an aggravated robbery committed on April 12, 1991 (PSR ¶ 47); and (5) his conviction for an aggravated robbery committed on January 9, 1985 (PSR ¶ 43). The Court also determined that Rose qualified for a sentencing enhancement under the federal "three strikes" law, 18 U.S.C. § 3559(c), for count two, based on his prior convictions for a robbery committed on December 12, 1983 (PSR ¶ 42) and an aggravated robbery committed on April 12, 1991 (PSR ¶ 46).[3] Accordingly, the Court sentenced

---

[3] Section 3559(c)(1)(A)(i) provides that a defendant sentenced under the federal three strikes law must be sentenced to life imprisonment:

> (c) Imprisonment of certain violent felons—
>
> > (1) *Mandatory life imprisonment.*—Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if –
> >
> > > (A) the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of—
> > >
> > > > (i)  2 or more serious violent felonies; or
> > > >
> > > > (ii) one or more serious violent felonies and one or more serious drug offenses; and
> > >
> > > (B) each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction

Rose to 360 months' imprisonment on each of counts one, three, and four, to run concurrently with each other, and consecutive to the mandatory life sentence imposed on count two.

The Fifth Circuit Court of Appeals affirmed Rose's convictions and sentence. *See United States v. Rose*, 587 F.3d 695 (5th Cir. 2009). And the Supreme Court denied his petition for a writ of certiorari. *See Rose v. United States*, 559 U.S. 1019 (2010).

Thereafter, Rose filed his first § 2255 motion, *see* Case No. 3:11-cv-417-P, which the Court dismissed with prejudice. Rose appealed, but the Fifth Circuit dismissed his appeal for want of prosecution. Undeterred, Rose

---

> of the preceding serious violent felony or serious drug offense.

18 U.S.C. § 3559(c)(1) (emphasis added); *see also Parker*, 3 F.4th at 179 (noting that § 3559(c)(1)(A)(i) provides that a defendant sentenced under the federal three strikes law "shall be sentenced to life imprisonment"). Section 3559(c) defines a "serious violent felony" as:

> a Federal or State offense, by whatever designation and wherever committed, consisting of . . . robbery. . . and . . . any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense.

18 U.S.C. § 3559(c)(2)(F); *see also Parker*, 3 F.4th at 180-81.

filed his second § 2255 motion, *see* Case No. 3:14-cv-298-P, which the Court determined was successive and transferred it to the Fifth Circuit. The Fifth Circuit denied Rose's request for authorization to file a successive § 2255 motion. *See In re: Cedric Rose*, No. 14-10112 (5th Cir. 2014).

Later, the Court appointed the Federal Public Defender to investigate Rose's claims for relief from his criminal sentence under *Johnson v. United States*, 576 U.S. 591 (2015), and to represent him in pursuit of any potentially meritorious claims. (CR ECF No. 78.) On June 3, 2016, Rose, through appointed counsel, filed the § 2255 motion resulting in this civil action—his third § 2255 motion. (CV ECF No. 2.) In it, he argued:

> (1) The use of Texas aggravated robbery under Texas Penal Code §§ 29.02(a)(2) and 29.03(a)(3) as a "serious violent felony" under 18 U.S.C. § 3559 violates due process because it requires application of § 3559's "risk of force" clause. *See Johnson*, 576 U.S. at 591.
>
> (2) The use of Texas aggravated robbery under Texas Penal Code §§ 29.02(a)(2) and 29.03(a)(3) as a "violent felony" under 18 U.S.C. § 924(c) violates due process because it requires application of § 924(c)'s "residual clause." *See Johnson*, 576 U.S. at 591,

The same day, Rose also filed a motion for authorization to file a successive § 2255 motion in the Fifth Circuit, which cited *Johnson*, 576 U.S. at 591, as a basis for relief from his sentence-enhancements under the ACCA and § 3559(c). *See In re Cedric Rose*, No. 16-10718 (5th Cir.). He argued that the "risk of force" clause of § 3559(c)(2)(F)(ii) and the similarly-worded residual clause of § 924(e)(2)(B)(ii) are unconstitutionally vague. The Fifth Circuit

5

granted Rose's motion for authorization in part with respect to his ACCA claim and denied it with respect to his § 3559(c) claim. (CV ECF No. 1.) Then, the Fifth Circuit transferred the case to this Court for further proceedings. (*Id.*)

In its response, the Government argues that, even post-*Johnson*, Rose has at least three prior convictions that qualify as predicate offenses under the ACCA and § 3559(c), and his motion should therefore be denied.[4]

In January 2017, the Court stayed the case pending the Supreme Court's consideration of Rose's petition for a writ of certiorari in *Rose v. United States*, No. 16-7156 (U.S. pet. filed Dec. 12, 2016). (CV ECF No. 13.) The Supreme Court subsequently denied his petition for writ of certiorari, *see Rose v. United States*, 137 S. Ct. 2092 (2017), and this Court lifted the stay (CV ECF No. 14.).

Then, in November 2018, the Court again stayed the case pending a ruling from the Fifth Circuit on Rose's motion to authorize an additional claim challenging his sentences under § 3559(c). (CV ECF Nos. 24, 25). The

---

[4] Initially, the Government argued that the Court need not review his ACCA sentences because the concurrent sentence doctrine applies. (CV ECF No. 9 at 3.) But the Government conceded that its argument under the concurrent sentence doctrine was no longer viable after the Court's October 31, 2019 Order (CR ECF Nos. 87, 88) reducing Rose's sentences to 240 months' imprisonment on count one and 293 months' imprisonment on each of counts three and four. Mot. 1 n.2 (CV ECF No. 53).

6

Court lifted the stay in February 2019 and ordered the successive § 2255 reinstated as a pending motion. (CV ECF No. 26.)

The undersigned magistrate judge issued findings and conclusions, recommending that Rose's successive § 2255 motion be denied, and the action dismissed with prejudice for failure to make a substantial showing of the denial of a federal right. FCR (CV ECF No. 32). Rose filed an unopposed motion to stay the case or, in the alternative, for a second extension of time to file objections to the magistrate judge's findings and conclusions. (CV ECF No. 35.) On April 14, 2020, the Court stayed the case for a third time pending the Supreme Court's decision in *Borden v. United States*.

In *Borden,* the Supreme Court explained that "'[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under' the Armed Career Criminal Act." *United States v. Travis,* 2021 WL 6140251, at *1 (5th Cir. Dec. 29, 2021) (per curiam) (quoting *Borden v. United States,* 141 S. Ct. 1817 (2021)). And in view of that holding, the magistrate judge vacated her findings and conclusions and entered an order directing the parties to file supplemental briefs to address the impact of *Borden* on Rose's claims.

In its supplemental brief (CV ECF No. 44), the Government argues that the Court should deny Rose's motion on the basis that he continues to have three qualifying predicate convictions under the ACCA: (1) his conviction for aggravated sexual assault committed on May 10, 1991 (PSR ¶

7

48); (2) his conviction for burglary of a building committed on January 30, 1985 (PSR ¶ 44); and (3) his conviction for aggravated robbery committed on January 9, 1985 (PSR ¶ 43). However, Rose argues in his supplemental brief that, in view of *Borden*, he is entitled to collateral relief from *both* his ACCA-enhanced sentences (counts three and four) and his § 3559(c) sentence (count two). (CV ECF No. 45.).

On August 11, 2021, Rose filed an unopposed motion to amend or correct his successive § 2255 motion under Federal Rule of Civil Procedure 15(c)(1)(B). (CV ECF No. 46.) In his amendment, he challenges his § 3559(c) sentence on vagueness grounds and argues that Supreme Court precedent foreclosed vagueness challenges to 18 U.S.C. § 3559(c)(2)(F)(ii) and 18 U.S.C. § 924(e)(2)(B)(ii) prior to *Johnson*. He further argues that the Fifth Circuit twice declined to allow him to raise his challenge to his sentence under § 3559(c) prior to *Davis*. The next day, the Court granted the motion to amend and filed Rose's proposed amended successive § 2255 motion. (CV ECF No. 47.)

> In his amended successive § 2255 motion, Rose argues:
>
> (1) His mandatory life sentence under § 3559(c), for count two, is unlawful and unconstitutional because the residual clause in § 3559(c)(2)(F)(ii) is unconstitutionally vague; and
>
> (2) His ACCA-enhanced sentences for counts three and four are unlawful and unconstitutional because without the residual clause found in § 924(e)(2)(B)(ii) he was not eligible for statutory enhancement.

8

On November 12, 2021, the Government moved to dismiss Rose's successive § 2255 motion, arguing that his newly authorized claims do not meet the threshold requirements for a successive § 2255 motion, and the Court should dismiss them. (CV ECF No. 53.) Rose did not file a response. Thus, his successive § 2255 motion is fully-briefed and ripe for determination.

## Legal Standards and Analysis

A prisoner must satisfy two requirements before a court will hear a second or successive habeas motion on the merits. *United States v. Wiese,* 896 F.3d 720, 723 (5th Cir. 2018). First, the prisoner must obtain prior authorization for filing a second or successive motion in the district court. 28 U.S.C. § 2244(b)(3)(A). A Circuit Court may authorize a second or successive § 2255 motion if a prisoner shows:

> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [the movant] guilty of the offense; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §§ 2244(b)(3); 2255(h)*; see also In re Fields,* 831 F. App'x 710, 710 (5th Cir. 2020) (per curiam). A three-judge panel of a United States Court of

9

Appeals makes this determination before the prisoner can file his second or successive motion in the district court. 28 U.S.C. §§ 2244(b)(3), 2255(h).

Second, where a prisoner receives authorization to file a second or successive motion, he must then prove at the district court level that his claim satisfies one of those requirements. *United States v. Hernandez*, 830 F. App'x 147, 148 (5th Cir. 2020) (per curiam) (citing *Wiese*, 896 F.3d at 723; § 2244(b)(4)). If the prisoner cannot make this showing, the district court lacks jurisdiction over the case and must dismiss the motion. *Wiese*, 896 F.3d at 723-24; *see also* 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."). The Fifth Circuit reviews *de novo* challenges to the district court's findings of fact and conclusions of law under § 2244(b)(4). *Hernandez*, 830 F. App'x at 148 (citing *Wiese*, 896 F.3d at 723 n.3; *Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001)).

Here, Rose sought authorization for filing his successive § 2255 motion by attempting to show that his motion implicates "a new rule of constitutional law." *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). Specifically, he sought authorization based on the Supreme Court's holding in *Davis*, 139 S. Ct. at 2336, which held that the residual clause of § 924(c), found in § 924(c)(3)(B), is unconstitutionally vague. He argues that his mandatory life

10

sentence under § 3559(c), count two, is unlawful and unconstitutional because the residual clause in § 3559(c)(2)(F)(ii) is unconstitutionally vague. Am. Mot. 7 (CV ECF No. 48).

The Government argues that Rose's argument fails because *Davis* addressed only the residual clause in § 924(c), not § 3559(c). Mot. 4 (CV ECF No. 53). This issue has been addressed by lower courts in the Fifth Circuit, but it has not been addressed by the Fifth Circuit Court of Appeals or the Supreme Court. *See Hays v. United States*, 2021 WL 3195483, at *6 (N.D. Tex. May 13, 2021) ("Hays further fails to demonstrate that his second claim relies on the new rule announced in *Davis* because he has not shown that its holding regarding § 924(c)'s residual clause extends to § 3559(c)'s residual clause."), *rec. adopted* 2021 WL 3190433 (July 28, 2021); *Holman v. United States*, 2019 WL 2525505, at *4 (N.D. Tex. Mar. 21, 2019) (recognizing that the Supreme Court has not yet extended the holding in *Johnson*, 135 S. Ct. at 2551, to invalidate § 3559(c)'s residual clause), *rec. adopted* 2019 WL 2524915 (June 19, 2019); *Runnels v. United States*, 2017 WL 3447861, at *3 (N.D. Tex. June 27, 2017) (recognizing that because *Johnson* did not recognize as a new right that § 924(c)(3)(B) and § 3559(c)(2)(F)(ii) or a similarly-worded residual clause are constitutionally vague, 28 U.S.C. § 2255(f)(3) is not applicable); *see also Langford v. United States*, 993 F.3d 633, 640 (8th Cir. 2021) (finding the movant filed to show that the district court necessarily relied on § 3559's residual clause in ruling that his first-

degree robbery conviction was a serious violent felony); *Gatewood v. United States*, 979 F.3d 391, 397 (6th Cir. 2020) (holding that the movant had a reasonable basis for raising a vagueness challenge to the residual clause of § 3559(c)(2)(F)(ii), he failed to do so on direct appeal, and he was therefore procedurally defaulted from doing so on collateral review); *United States v. Martin*, 2020 WL 9073350, at *1 (3d Cir. 2020) (assuming merely for the sake of argument that *Davis* applies to the residual clause in § 3559(c)(2)(F)'s definition of "serious violent "felony"); *United States v. Morrison*, 751 F. App'x 1026, 1027 (9th Cir. Feb. 11, 2019) (remanding the case because during the pendency of the appeal *Dimaya* was handed down and 18 U.S.C. § 16(b) "seems materially indistinguishable from the residual clause in § 3559(c)(2)(F).").

This argument was presented to the Fifth Circuit Court of Appeals in *United States v. Parker*, 3 F.4th 178 (5th Cir. 2021), but the Fifth Circuit disposed of the matter on another basis and did not address it. *Id.* at 179-180. The Fifth Circuit noted that "[t]he Supreme Court's language in *Davis may* support an extension of the rule to the residual clause in § 3559(c)(2)(F)(ii)." *Id.* at 180 (emphasis added). The Fifth Circuit further noted that "[t]he residual clause of § 3559(c)(2)(F)(ii) at issue in this matter is almost identical to the residual clauses at issue in *Dimaya* and *Davis*[,]" and the Supreme Court found "that § 924(c)(3)(B)'s residual clause bore 'more than a passing resemblance' to the residual clauses found

12

unconstitutional in [those two cases]."[5] *Id.* However, the Fifth Circuit ultimately determined that it did not need to decide "whether *Davis* is applicable to the residual clause in § 3559(c)(2)(F)(ii) because, as set forth below and as the district court determined, Parker's prior convictions qualify as 'serious violent felonies' under the 'enumerated offense clause' and the 'force clause' of § 3559(c)(2)(F)." *Id.*

The Government further argues that Rose's new claims do not rely on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Mot. 2 (CV ECF No. 53) (citing 28 U.S.C. §§ 2255(h)(2), 2244(b)(4)). Even if the District Court at sentencing or the Fifth Circuit Court of Appeals on direct appeal had extended the reasoning of *Davis* to find that the residual clause of § 3559(c) is unconstitutionally vague, it would be of no consequence here.

New rules of constitutional law are "not 'made retroactive to cases on collateral review'" under 28 U.S.C. § 2255(h)(2) "unless the Supreme Court holds [them] to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001) (footnote omitted). For Rose to obtain authorization to file his successive § 2255 motion, he must demonstrate that his underlying claim relies "on a new rule of constitutional law, made retroactive to cases on collateral review

---

[5] *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (holding the residual clause in 18 U.S.C. § 16(b) is unconstitutionally vague).

*by the Supreme Court*, that was previously unavailable." 28 U.S.C. § 2255(h)(2) (emphasis added). The Fifth Circuit Court of Appeals has held that *Davis* announced a new rule of constitutional law. *See United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019) (holding that *Davis* announced a substantive rule of constitutional law because it invalidated the residual clause of § 924(c) and "narrow[ed] the scope of conduct for which punishment is now available."). However, the Fifth Circuit determined that "*Davis* announced a new rule of constitutional law retroactively application on the *first* [§ 2255 motion]." *Id.* (emphasis added). *Reece* therefore does not apply to Rose's successive § 2255 motion and the Court's evaluation of it under § 2255(h). *See In re Harris*, 988 F.3d 239, 240 (5th Cir. 2021) (Oldham, J., concurring) ("But *Reece* does not squarely govern second or successive motions under 2255(h).").

Under *Teague v. Lane*, 489 U.S. 288 (1989), a case announces a "new rule" if "it breaks new ground or imposes a new obligation" on the government. *Id.* at 301. If a rule (1) "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," or (2) creates a "watershed rule of criminal procedure," then it falls under a *Teague* exception, and it is appropriate to apply it retroactively. *See id.* at 311 (internal quotation marks and citations omitted). There are two ways that the Supreme Court can make a new rule of constitutional law retroactive under § 2255(h)(2). First, the Supreme Court

14

can expressly hold that a new rule is retroactive on collateral review. *Tyler, 533 U.S. at 662-664*. Second, the Supreme Court's holdings in several cases can render a new rule retroactive when the holdings of those cases essentially dictate retroactivity of the new rule. *Id.* at 666. The Supreme Court has not expressly made *Davis* retroactive. *See Harris*, 988 F.3d at 240 ("It's undisputed that the Supreme Court has not expressly made *Davis* retroactive.").

Rose fails to demonstrate that his claim relies on the new rule announced in *Davis*, which is applicable to first § 2255 motions, and for this reason, the District Court should dismiss his claim without reaching the merits. Accordingly, Rose's successive § 2255 motion does not satisfy the requirements under § 2255(h), and it should be dismissed. *See Wiese*, 896 F.3d at 723-24; *see also* 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.").

## Recommendation

The Court should GRANT the Government's Motion to dismiss (CV ECF No. 53) and DISMISS Rose's successive § 2255 motion, as amended.

Signed January 20, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).