IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDRIC ROSE, | § § | |
| Movant, | § § | |
| V. | § § | NO. 3:16-CV-2232-E |
| | § | (NO. 3:07-CR-169-E-1) |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Cedric Rose sought leave of the United States Court of Appeals for the Fifth Circuit to pursue a second or successive motion under 28 U.S.C. § 2255 challenging the enhancements to his sentence under the "three strikes" statute, 18 U.S.C. § 3559(c), and the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The Fifth Circuit ultimately allowed Rose to proceed on both grounds.[1] The Court dismissed the successive motion as amended and Rose appealed. The Fifth Circuit granted Rose a certificate of appealability, but only as to the ACCA claim. It denied the request as to the § 3559(c) claim.[2] ECF No. 61. While the appeal of the ruling on the ACCA claim was pending, the Texas Court of Criminal Appeals issued its decision in *Floyd v. State*, 714 S.W.3d 9 (Tex. Crim. App. 2025), abrogating *United States v. Garrett*, 24 F.4th 485 (5th Cir. 2022), which held that robbery by threat was a force clause offense. Accordingly, the Fifth Circuit vacated the Court's judgment and remanded for further proceedings. *United States v. Rose*, 127 F.4th 619 (5th Cir. 2025). The Court has once again considered the ACCA claim and concludes that it must be **DISMISSED**.

---

[1] The extremely convoluted history of the post-judgment proceedings is set forth in the very thorough Findings, Conclusions, and Recommendation of the United States Magistrate Judge signed January 20, 2022. ECF No. 54.
[2] Thus, the Court lacks jurisdiction to reconsider the § 3559(c) claim as Rose requests.

## I.   APPLICABLE STANDARD OF REVIEW

Where, as here, a prisoner receives circuit authorization to pursue a second or successive motion under § 2255, he must then prove at the district court level that the relief he seeks relies on a new claim resulting from (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or (2) newly discovered, clear and convincing evidence that but for the error no reasonable factfinder would have found the defendant guilty.[3] *United States v. Wiese*, 896 F.3d 720, 723–24 (5th Cir. 2018). If he cannot make that showing, the district court lacks jurisdiction and must dismiss the motion. *United States v. Hernandez*, 830 F. App'x 147, 148 (5th Cir. 2020). The Court is not persuaded that *Bowe v. United States*, 146 S. Ct. 447 (2026), changes this analysis. Even if it does, it is not up to this Court to overrule binding circuit precedent. *See In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 789 (5th Cir. 2021); *United States v. Jordan*, 650 F. Supp. 3d 531, 537–38 (W.D. Tex. 2023).

## II.   ANALYSIS

Rose relies on the "new rule of constitutional law" provision, specifically *Johnson v. United States*, 576 U.S. 591 (2015), holding that the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague, which was recognized as retroactive by *Welch v. United States*, 578 U.S. 120 (2016). In order to prevail, Rose must show that it was "more likely than not" that the Court relied on the residual clause in deciding that he was eligible for an ACCA sentence. *United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019). The Court looks to the law at the time of sentencing. and considers the sentencing record and the relevant background legal environment that existed at

---

[3] To obtain authorization to pursue a second or successive motion, the movant only needs to make a *prima facie* showing that the motion meets one of these requirements. *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018).

the time of the sentencing and presentence report and other relevant materials before the Court. *Wisese*, 896 F.3d at 724–25.

At the time of his sentencing in 2008, the ACCA defined "violent felony" as any crime punishable by imprisonment for a term exceeding one year that "(i) has as an element the use, attempted use, or threatened use of physical force against the person or another; or (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious risk of physical injury to another*." (The italicized portion is known as the residual clause. *Johnson*, 576 U.S. at 594.) Rose's qualifying predicate offenses included: (1) 1984 robbery (PSR ¶ 42), (2) 1985 aggravated robbery (PSR ¶ 43), (3) 1985 burglary of a building (PSR ¶ 44), (4) 1991 aggravated robbery/enhanced (PSR ¶ 46), (5) 1991 aggravated robbery/enhanced (PSR ¶ 47), and, (6) 1991 aggravated sexual assault (PSR ¶ 48).

The record does not specifically reflect whether the Court relied on the elements clause or the residual clause in determining that Rose had sufficient violent felony convictions for the ACCA sentence imposed. However, it is clear from the sentencing colloquy that the Court was requested to sentence Rose based on his violent felony history. And, the Court concluded beyond a reasonable doubt that four of Rose's convictions qualified as "serious violent felonies," a much more serious category than "violent felony" under the ACCA. CR ECF No. 16; CR ECF No. 58 at 6. All of Roses's convictions were committed using a deadly weapon. *See* ECF No. 10. At the time of the sentencing, the Fifth Circuit had recognized that a deadly weapon is an instrument of physical force. *See United States v. Velasco*, 465 F.3d 633, 640–41 (5th Cir. 2006) ("In order to 'use' a weapon to cause bodily harm, one must, at the very least, threaten the use of physical force."). *See also United States v. Dominguez*, 479 F.3d 345, 347–49 (5th Cir. 2007) (touching

victim with deadly weapon was threatened use of force under elements clause; absence of word "force" in statute not relevant). The indictments, which were attached to and necessarily included in the judgments (because the nature or type of the robberies could not otherwise be determined), reflect for example that Rose "did then and there, by using and exhibiting a deadly weapon, to-wit: a firearm, knowingly and intentionally threaten and place the said complainant in fear of imminent bodily injury." ECF No. 10 at 24. And, Rose "did then and there knowingly and intentionally cause bodily injury to the said complainant, by striking said complainant with his hand, and a bottle, a deadly weapon." *Id.* at 15. Just as no one would have questioned that Rose's underlying convictions qualified under the residual clause, neither would they have questioned that they qualified under the elements provision. After all, it was not until 2024 that the Court of Criminal Appeals determined that aggravated robbery by threat and aggravated robbery causing bodily injury, if charged in a single count, were two different methods of committing aggravated robbery. *Floyd v. State*, 714 S.W.3d 9 (Tex. Crim. App. 2024). Since it is just as likely that the Court relied on the elements clause, Rose cannot meet, and has not met, his burden. *Clay*, 921 F.3d at 558–59.

Because Rose has not met his jurisdictional burden, the Court need not consider the effect of *Floyd* on his sentences.

**III.   CONCLUSION**

For the reasons discussed herein, the motion is **DISMISSED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **3rd day** of **March, 2026**.

Ada Brown
UNITED STATES DISTRICT JUDGE